**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION**

| | |
|---|---|
| DOUGLAS LEE BEASON, SR., ) | Case No. EDCV 19-00590-AS |
| ) | |
| Plaintiff, ) | **MEMORANDUM OPINION AND** |
| ) | |
| v. ) | **ORDER OF REMAND** |
| ) | |
| ANDREW M. SAUL, Commissioner ) | |
| of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

For the reasons discussed below, IT IS HEREBY ORDERED that, pursuant to Sentence Four of 42 U.S.C. § 405(g), this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On April 3, 2019, Plaintiff filed a Complaint seeking review of the denial of his application for Disability Insurance Income. (Docket

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration and is substituted in for Acting Commissioner Nancy A. Berryhill in this case. See Fed.R.Civ.P. 25(d).

Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 11-12). On August 28, 2019, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 15-16). On November 25, 2019, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions regarding Plaintiff's claim. (Docket Entry No. 17).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On July 24, 2017, Plaintiff, formerly employed as a security and law enforcement custody officer and detention officer, a San Bernardino municipal enforcement officer, a Spring Lake public safety/boat patrol officer, and a Riverside College Police Department police officer/traffic officer (see AR 41-42, 207-12), filed an application for Disability Insurance Benefits, alleging an inability to work because of a disabling condition since March 30, 2017. (See AR 19, 170-73). Plaintiff's application was denied initially on October 23, 2017 and on reconsideration on January 19, 2018. (See AR 65, 98).

On September 5, 2018, the Administrative Law Judge ("ALJ"), Susanne M. Cichanowicz, heard testimony from Plaintiff (represented by counsel) and vocational expert ("VE") Ms. Rae. (See AR 36-64). On September 21, 2018, the ALJ issued a decision denying Plaintiff's application. (See AR 19-29). Applying the five-step sequential process, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity

2

since March 30, 2017. (AR 21-22). At step two, the ALJ determined that Plaintiff had the following severe impairments "diabetes mellitus with peripheral neuropathy, chronic diabetic ulceration of the left lower extremity with osteomyelitis, Charcot foot of the right lower extremity, and obesity". (AR 22).[2] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments. (AR 23).

The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[3] and concluded that Plaintiff could perform sedentary work[4] with the following limitations: can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for 2 hours out of an 8-hour workday with regular breaks; and sit for 6 hours out of an 8-hour workday; can occasionally push and pull with the bilateral lower extremity; can climb ramps and stairs occasionally; can never climb ladders, ropes or scaffolds; can balance, stoop, kneel, crouch, and crawl occasionally; must avoid exposure to uneven terrain and hazards, such as unprotected heights and moving mechanical parts; and requires a

---

[2] The ALJ found that Plaintiff's complaints of right shoulder pain was not a medically determinable impairment and that his mental impairments -- anxiety, depression and post-traumatic stress disorder -- were non-severe. (AR 22-23).

[3] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

hand-held cane for ambulation at any distance at the work site. (AR 23-27).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (AR 27). At step five, the ALJ determined, based on Plaintiff's age, education, experience, RFC, and the VE's testimony, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (AR 27-28), and therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 28).

The Appeals Council denied Plaintiff's request for review on February 15, 2019. (See AR 1-5). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. See 42 U.S.C. § 405(g), 1383©.

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is "more than a mere scintilla, but less than a preponderance[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014)(citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion[.]" Id. at 1009-10 (citations and quotation marks omitted). As a result, "[w]here the evidence can support either affirming or reversing [the ALJ's] decision, [a court] may not

4

substitute [its] judgment for that of the [ALJ]." Id. at 1010 (citation omitted).[5]

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in failing to properly reject the opinion of Plaintiff's treating physician. (See Joint Stip. at 4-12, 24-29).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that the Commissioner's findings are supported by substantial evidence and are free from legal error.

**A. The ALJ Erred in Failing to Properly Assess the Opinion of Plaintiff's Treating Physician, Esther Lee, M.D.**

Plaintiff asserts that the ALJ failed to properly consider the opinion of Plaintiff's treating physician, Dr. Lee. (See Joint Stip. at 4-12, 24-29). Defendant asserts that Dr. Lee's recommendation was not a medical opinion and alternatively that the ALJ properly evaluated Dr. Lee's opinion. (See Joint Stip. at 13-23).

---

[5] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(An ALJ's decision will not be reversed for errors that are harmless).

5

An ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 404.1520c(a).[6] The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examinations), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical findings (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements)." 20 C.F.R. § 404.1520c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how the other factors were considered. Id. However, when two or medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(3).

---

[6] Since Plaintiff filed his application after March 27, 2017, 20 C.F.R. § 1520c, and not 20 C.F.R. § 404.1527, applies. 20 C.F.R. § 404.1520c changed how the Social Security Administration considers medical opinions and prior administrative medical findings, eliminated the use of the term "treating source," and eliminated deference to treating source medical opinions. See 20 C.F.R. § 404.1520c(a); L.R. v. Saul, 2020 WL 264583, at *3 n. 5 (C.D. Cal. Jan. 17, 2020); see also 81 Fed. Reg. 62560, at 62573-74 (Sept. 9, 2016).

From October 14, 2015 to approximately June 15, 2018, Plaintiff was treated at Loma Linda Medical Center for various ailments. (See AR 644-784, 786-927, 932-1008). On August 2, 2017, Esther Lee, M.D. evaluated Plaintiff for electric mobility. (See AR 860-61). Dr. Lee noted, <u>inter alia</u>, that Plaintiff ambulated into the room without the use of assistive devices, Plaintiff's transfers were "modified independent," and Plaintiff ambulated without an assistive device and with a "slightly antalgic" quality. (AR 862). Dr. Lee diagnosed Plaintiff with the following: diabetes mellitus; right charcot foot; osteomyelitis left foot; and history of shoulder pain since the military. (AR 863). Dr. Lee stated that Plaintiff met the criteria for power mobility based on functional limitations due to bilateral foot/ankle issues and chronic right shoulder pain. (<u>Id.</u>). Dr. Lee recommended that as to household mobility, Plaintiff should continue walking with an assistive device, and as to community mobility, Plaintiff should use power mobility. (<u>Id.</u>).

On August 18, 2017,[7] the Major Medical Equipment Committee, chaired by Dr. Lee, sent Plaintiff a letter approving Plaintiff for power mobility, contingent on Plaintiff passing a Safety Test. (See AR 852).[8]

Contrary to Defendant's assertion (see Joint Stip. at 13-16), Dr. Lee's recommendation that Plaintiff use power mobility for mobility in the community was a medical opinion. The term "medical opinion" is

---

[7] The letter, dated August 3, 2017, was signed by Dr. Lee on August 18, 2017. (AR 852).

[8] According to the ALJ, Plaintiff was issued a motorized scooter in October 2017. (AR 25; <u>but see</u> AR 45 [the ALJ at the hearing stated that Plaintiff was issued the scooter in July 2014]). Plaintiff testified that he was at the hearing with a scooter. (AR 45).

defined in pertinent part as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: . . . . (i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching)[.]" 20 C.F.R. § 1513(a)(2)(i).[9] Dr. Lee clearly was opining that due to Plaintiff's physical ailments (bilateral foot/ankle issue and chronic right shoulder pain) Plaintiff had "functional limitations," such as standing and walking, which required him to use power mobility for mobility in the community, which presumably would include the workplace. Defendant has failed to cite, and the Court has been unable to locate, any authority supporting Defendant's contention that Dr. Lee's recommendation that Plaintiff use power mobility for mobility in the community would not qualify as a medical opinion.

As Plaintiff asserts (see Joint Stip. at 6-7), the ALJ did not address or even mention Dr. Lee's opinion in the Decision. (See AR 19-29). The ALJ erred by failing to consider or discuss any of the factors listed in 20 C.F.R. § 404.1520c(c)(1)-(5), including the most important factors of supportability and consistency which the ALJ was required to explain, 20 C.F.R. § 404.1520c(b)(2). See Joseph M.R. v. Commissioner of Social Security, 2019 WL 4279027, *8 (D. Or. Sept. 10, 2019)(". . . [T]he ALj did not reference [the examining physician's] examination and

---

[9] 20 C.F.R. § 1513 is applicable to this case since Plaintiff's application was filed after March 27, 2017. See 20 C.F.R. § 1513(a).

8

did not articulate if and how he applied those specific factors to determine how much weight to give [the examining physician's] opinion. . . . On this record the Court concludes the ALJ erred when he failed to consider [the examining physician's] opinion and failed to provide legally sufficient reasons supported by substantial evidence in the record for doing so.").

Since the ALJ did not consider or discuss any of the factors for evaluating the persuasiveness of Dr. Lee's opinion, the ALJ's error cannot be deemed "inconsequential to the ultimate nondisability determination." See Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006); Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008).

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81.

Since the ALJ failed to properly consider and evaluate the persuasiveness of Dr. Lee's opinion, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1141 (9th Cir. 2014).

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 7, 2020

/s/ Sagar
HONORABLE ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE